UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CATHERINE L. WHITE, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NO.:_____
)
PFIZER, INC., )
)
    Defendant. )

## PLAINTIFF'S ORIGINAL COMPLAINT

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

**COMES NOW** the Plaintiff, Catherine L. White, and for cause of action would respectfully show to the Court and the Jury the following:

### I.

1. This is a civil action brought on behalf of Plaintiff regarding a heart attack that occurred as a result of the ingestion of BEXTRA® by Plaintiff at age 45. Plaintiff Catherine L. White ingested BEXTRA® daily and suffered a heart attack on or about December 7, 2004.

### II.

### PARTIES

2. Plaintiff is an individual citizen of the State of Colorado and a resident of Thornton, Colorado.

3. Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of Colorado, with its principal place of business in New York has committed a tort within the State of Colorado and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service of process.

## III.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than the Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiff purchased, consumed and was injured by the products that form the basis of this lawsuit in the State of Colorado. At all relevant times herein, Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, BEXTRA®. Pfizer, Inc. At all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce, the aforementioned drug, BEXTRA®. Pfizer, Inc. does substantial business in the State of Colorado and within this Federal District, advertises in this district, received substantial compensation and profits from sales of BEXTRA® in this district, and made material omissions and misrepresentations and breaches of warranties in this district.

6. All conditions precedent have been performed or have occurred.

## IV.

## FACTUAL ALLEGATIONS

7. Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, BEXTRA®. Pfizer, Inc. at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold BEXTRA® in the State of Colorado.

8. Plaintiff Catherine L. White, at age 46, ingested BEXTRA® as prescribed and as a

result thereof, suffered a heart attack on or about December 7, 2004.

9. At all times relevant herein, Plaintiff Catherine L. White was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

10. The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as BEXTRA®.

11. BEXTRA® is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and Drug Administration on November 16, 2001, for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

12. As of April 7, 2005, Pfizer, Inc. has refused to withdraw BEXTRA® from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of BEXTRA®. As reported in the Wall Street Journal, on or about April 7, 2005, the United States Food and Drug Administration had to ask Pfizer to pull BEXTRA® from the market because of safety concerns with the drug, including heart attacks suffered by persons such as Plaintiff, Catherine L. White. These concerns were reported as well in an article in the esteemed medical journal, the New England Journal of Medicine, on or about March 17, 2005 based upon Pfizer's own clinical trials. In addition, based upon its own trials, and due to BEXTRA's® similar selectivity for cox-2 to Vioxx in the human body, Defendant was aware of the cardiovascular risks associated with this cox-2 inhibitor at the time of or well before September 30, 2004.

13. Defendant materially breached its obligations to consumers, such as the Plaintiff, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of BEXTRA®.

14. Defendant expressly and/or implicitly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that BEXTRA® was safe, effective, fit and proper for its intended use.

15. Defendant was aware of the substantial risks of taking BEXTRA® but failed to fully disclose same.

16. Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant liable for the Plaintiff's injuries.

V.

**STRICT PRODUCTS LIABILITY**

17. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

18. BEXTRA®, as designed, manufactured, sold and/or supplied by Defendant, Pfizer, was placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

19. Further, BEXTRA®, as designed, manufactured, distributed, sold and/or supplied by Defendant, was defective in marketing due to inadequate warnings, instructions, and/or labeling.

20. BEXTRA®, as designed, manufactured, distributed, marketed, sold and/or supplied was defective due to inadequate testing.

21. Plaintiffs allege BEXTRA® was defective in design and/or formulation in that, when it left the hands of Defendant and/or its representatives, agents or assignees, the

foreseeable risks of serious harm posed by this drug far exceeded its alleged benefits. The foreseeable risks of serious harm were such that Plaintiff and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested BEXTRA®.

22. BEXTRA® was also defective due to inadequate warnings and misrepresentations to healthcare professionals. Defendant knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed BEXTRA® to patients.

23. BEXTRA® was defective due to inadequate testing both before and after Defendant became aware of the risks of ingesting the drug.

24. As the producing and direct cause and legal result of the design defect and/or the marketing defect due to the Defendant's failure to warn consumers, as well as the defective condition of the drug as manufactured and supplied by Defendant and its representatives, Plaintiff Catherine L. White suffered injuries and monetary damages.

## VI.

## **FRAUD**

25. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

26. Defendant, Pfizer fraudulently represented to the general public, as well as healthcare professionals, that BEXTRA® was a safe and effective drug. Defendant Pfizer made this representation while knowing that, if healthcare professionals and consumers knew of the serious risks associated with the ingestion of the BEXTRA® drug, they would not prescribe and/or ingest this drug. Defendant Pfizer knew its representations to be false, and Plaintiff relied on Defendant Pfizer's false representations in Plaintiff's ingestion of BEXTRA®. These

fraudulent representations by Defendant Pfizer were a proximate cause of the injuries to and monetary losses of Plaintiff.

## VII.

## **NEGLIGENCE**

27. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

28. Defendant Pfizer and its representatives were merchants or sellers of BEXTRA®. Defendant Pfizer had a duty to exercise reasonable care in the design, manufacturing, marketing, sale, testing and/or distribution of this drug into the stream of commerce. Defendant Pfizer failed to exercise ordinary care in the design, manufacturing, marketing, sale, testing, and/or distribution of the BEXTRA® drug into interstate commerce. Defendant Pfizer knew, or should have known, that its BEXTRA® drug greatly increased Plaintiff's risks of having a heart attack and/or stroke, or worse, of causing Plaintiff's death.

29. Despite the fact that Defendant Pfizer knew, or should have known that BEXTRA® could cause unreasonable injurious results and/or death to Plaintiff, this Defendant continued to market, distribute, and sell BEXTRA® to the public.

30. Defendant Pfizer knew, or should have known that consumers, such as Plaintiff would foreseeably suffer injuries and/or death as a result of Defendant Pfizer's failure to exercise ordinary care as described above. Moreover, after Defendant Pfizer became aware of the serious risks of ingesting BEXTRA®, it owed a legal duty to Plaintiff, and the general public, to disclose that knowledge. Defendant Pfizer's breach of its duty to disclose this information was a proximate cause of the injuries to Plaintiff.

## VIII.

## NEGLIGENT MISREPRESENTATIONS

31. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein.

32. Defendant Pfizer represented and marketed the BEXTRA® drug as being safe and effective. After Defendant Pfizer became aware of the risk of ingesting BEXTRA®, however, Defendant Pfizer failed to communicate to Plaintiff and/or the general public, that the ingestion of this drug could cause a person to suffer a heart attack or stroke, or that the BEXTRA® drug could cause the death of the person ingesting the drug.

33. Therefore, Plaintiff brings this cause of action against Defendant Pfizer under the theory of negligent misrepresentation for the following reasons:

   a) Plaintiff incorporates all facts and allegations previously stated in this Complaint;

   b) Defendant Pfizer failed to warn Plaintiff, and other consumers, of the defective condition of the BEXTRA® as manufactured and/or supplied by Defendant Pfizer;

   c) Defendant Pfizer, individually, and through its agents, representatives, distributors, and/or employees, negligently misrepresented material facts about BEXTRA® in that they made such misrepresentations when they know or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Pfizer made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations.

   d) The above misrepresentations were made to Plaintiff, as well as the general public;

   e) Plaintiff Catherine L. White and Plaintiff's healthcare provider justifiably relied on Defendant Pfizer's misrepresentations; and

f) Consequently, Plaintiff's ingestion of BEXTRA® was to Plaintiff's detriment. Defendant Pfizer's negligent misrepresentations proximately caused Plaintiff's injuries and monetary losses.

## IX.

## **EXPRESSED WARRANTY FOR GOODS**

34. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

35. Defendant Pfizer breached its express warranty of goods. Defendant Pfizer was a merchant and/or seller of the BEXTRA® drug. Defendant Pfizer sold this drug to consumers for the ordinary purpose for which such drugs are used by consumers. Defendant Pfizer owed a legal duty to Plaintiff and the public in general, to disclose its knowledge of the serious risks of ingesting the BEXTRA® drug as marketed. This breach of duty by Defendant Pfizer was a proximate cause of the injuries and monetary loss to Plaintiff.

## X.

## **IMPLIED WARRANTY**

A. **WARRANTY OF MERCHANT ABILITY.**

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

37. Defendant Pfizer breached its implied warranty of merchantability. Defendant Pfizer was a merchant and/or seller of the BEXTRA® drug. Defendant Pfizer sold this drug to Plaintiff, and other consumers, for the ordinary purpose for which such drug is used by consumers. BEXTRA® was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used. A defect or defects in the use of this drug for its ordinary

purposes caused injuries and monetary losses to Plaintiff.

**B.     WARRANTY OF FITNESS**

38. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further allege:

39. Defendant Pfizer breached its implied warranty of fitness. Defendant Pfizer sold the BEXTRA® drug, and, at the time of the sale of this drug, Defendant Pfizer knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug to Plaintiff, Defendant Pfizer knew, or had reason to know, that Plaintiff was relying on the skill and judgment of Defendant Pfizer to select or furnish a suitable product for the intended purpose. At the time of the sale of the drug to Plaintiff, Defendant Pfizer exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff relied thereon. The BEXTRA® drug was not reasonably fit and/or suitable for the use for which it was selected. Failure of Defendant Pfizer to select and sell a product which was reasonably safe for its intended use proximately caused the injuries and monetary losses to Plaintiff.

## XI.

## DAMAGES

40. Upon the trial of this case, it will be shown that Plaintiff Catherine L. White was caused to sustain serious injuries and damages as a proximate result of Defendant Pfizer's conduct. Plaintiff will respectfully request the Court and Jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

## XII.

## PUNITIVE DAMAGES

41. At all times relevant hereto, Defendant Pfizer actually knew of the defective nature of the BEXTRA® drug as set forth herein and continued to design, manufacture, market, distribute and sell the BEXTRA® drug so as to maximize sales and profits at the expense of the public's health and safety and in conscious disregard of the foreseeable serious harm caused by the BEXTRA® drug. Defendant Pfizer's conduct exhibits such an entire want of care as to establish that its actions were a result of fraud, ill will, recklessness, and/or willful and intentional disregard for the safety and rights of Plaintiff, as well as the general public and/or consumers of the BEXTRA® drug. Plaintiff, therefore, is entitled to punitive damages for such conduct.

## XIII.

## JURY DEMAND

42. Plaintiff hereby requests a trial by jury on all issues in this case.

## XIV.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, the Court grant:

1. Judgment against Defendant Pfizer for actual damages, as set forth above, in an amount in excess of the minimum jurisdictional limits of this Honorable Court;

2. Interest on said Judgment, at the legal rate from the date of the Judgment;

3. Plaintiff's costs of this suit;

4. Past and future, physical and mental, pain, suffering, anguish and disabilities of Plaintiff;

5. Past medical expenses of Plaintiff;

6. Future medical expenses of Plaintiff;

7. Prejudgment interest as allowed by law;

8. Any additional damages and punitive damages under the facts set forth in this or any amended pleading(s); and

9. For such other and further relief to which Plaintiff may prove to be justly entitled, both in law and in equity.

                                        Respectfully submitted,

                                        ANDRUS BOUDREAUX, PLC

                                        BY: _____
                                        VANCE R. ANDRUS, Esq.
                                        Colorado State Bar No. 30764

ANDRUS BOUDREAUX, PLC
1775 Sherman St., Suite 3100
Denver, CO 80203
PHONE: (303) 376-6360
FAX: (303) 376-6361
and
416 W. Main Street
Lafayette, LA 70501

                                        ATTORNEY IN CHARGE FOR PLAINTIFF

Richard J. Arsenault, Esq.
C. Michael Bollinger, Esq.
*Neblett, Beard & Arsenault*
2220 Bonaventure Court
Alexandria, LA 71301
(318) 487-9874 Phone
(318) 561-2591 Facsimile

Bryan F. Aylstock, Esq.
Justin G. Witkin, Esq.
Neil D. Overholtz, Esq.
Douglass A. Kreis, Esq.
*Aylstock, Witkin & Sasser, PLC*
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503-1909
(850) 916-7450 Phone
(850) 916-7449 Facsimile

Dawn M. Barrios, Esq.
Bruce Kingsdorf, Esq.
*Barrios, Kingsdorf & Casteix, L.L.P.*
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650

Matthew E. Lundy, Esq.
*Lundy & Davis, L.L.P.*
333 North Sam Houston Pkwy. E, Suite 375
Houston, TX 77060-2487
(281) 272-0797 Phone
(281) 272-0781 Facsimile

CO-COUNSEL FOR PLAINTIFF