IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00692 EWN-BNB

**CATHERINE L. WHITE**

    Plaintiff,

v.

**PFIZER, INC.,**

    Defendant.

---

### ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

COMES NOW Pfizer Inc. ("Pfizer" or "Defendant" improperly captioned as "Pfizer, Inc.") and hereby answers Plaintiff's Complaint in this action and states as follows:

### PRELIMINARY STATEMENT

Bextra® is a prescription drug developed by G. D. Searle LLC ("Searle"). On November 16, 2001, Bextra® was approved as labeled by the United States Food and Drug Administration ("FDA"). Searle developed, tested and co-promoted Bextra® in the United States for the indications set forth in its FDA-approved package insert and as permitted by law. Bextra® was manufactured and packaged for Searle.

Prior to April 2003, Pfizer co-promoted Bextra® in the United States. In April 2003, Pfizer merged with Pharmacia Corporation ("Pharmacia") and the responsibilities for Bextra® were reallocated. Searle is presently a wholly-owned third tier subsidiary of Pharmacia, which in turn is a wholly-owned subsidiary of Pfizer.

The Complaint does not state when Plaintiff was prescribed or used Bextra®, and as such, this Answer can only be drafted generally and without reference to a specific period in time. Defendant reserves the right to amend this Answer if or when discovery reveals the time period in which Plaintiff was prescribed and used Bextra®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiff's Complaint.

**ANSWERING:**
**I.**

1.      Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph.

**ANSWERING:**
**II.**
**PARTIES**

2.      Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph.

3.      Defendant admits that Pfizer is a Delaware corporation with its principal place of business in New York and is registered to do business in Colorado. Defendant denies that it has committed a tort. Defendant states that Plaintiff's allegation regarding place of service is a legal conclusion to which no response is required. Except as admitted herein, Defendant denies the remaining allegations contained in this Paragraph.

4.      Defendant admits the allegations contained in this Paragraph.

5.      Defendant states that Plaintiff's statements regarding venue are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this Paragraph. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations

regarding Plaintiff, and therefore denies the same. Searle developed, tested and co-promoted Bextra® in the United States for the indications set forth in its FDA-approved package insert and as permitted by law. Bextra® was manufactured and packaged for Searle. Prior to April 2003, Pfizer co-promoted Bextra® in the United States. In April 2003, Pfizer merged with Pharmacia Corporation ("Pharmacia") and the responsibilities for Bextra® were reallocated. Defendant denies that it made material omissions and misrepresentations and breaches of warranties. Defendant denies the remaining allegations contained in this Paragraph.

6.     Defendant states that the allegations in this Paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained therein.

## ANSWERING:
## IV.
## FACTUAL ALLEGATIONS

7.     Searle developed, tested and co-promoted Bextra® in the United States for the indications set forth in its FDA-approved package insert and as permitted by law. Bextra® was manufactured and packaged for Searle. Prior to April 2003, Pfizer co-promoted Bextra® in the United States. In April 2003, Pfizer merged with Pharmacia Corporation ("Pharmacia") and the responsibilities for Bextra® were reallocated. Except as admitted herein, Defendant denies the allegations contained in this Paragraph.

8.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff and her alleged injuries, and therefore denies the same. Defendant denies the remaining allegations contained in this Paragraph.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff and therefore, denies the same. Defendant states that Bextra® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant also states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations contained in this Paragraph.

10. Searle developed, tested, and co-promoted Bextra® in the United States, including in the State of Colorado, to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Bextra® was manufactured and packaged for Searle. Prior to April 2003, Pfizer co-promoted Bextra® in the United States. In April 2003, Pfizer merged with Pharmacia and the responsibilities for Bextra® were reallocated. Defendant admits that Pfizer has marketed and co-promoted Bextra® at certain times in the United States, including in the State of Colorado, to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Bextra® is presently advertised, promoted, marketed and distributed in the United States, including in the State of Colorado, by Defendant or one of its subsidiaries to be prescribed by healthcare providers who are authorized by law to prescribe medications in accordance with their approval by the FDA. Except as admitted herein, Defendant denies the allegations contained in this Paragraph.

11. As stated in the package insert approved by the FDA, Defendant admits that Bextra® is a nonsteroidal anti-inflammatory drug (NSAID") that exhibits anti-inflammatory, analgesic, and antipyrectic properties in animal models and that the

4

mechanism of action is believed to be due to inhibition of prostaglandin synthesis, primarily through inhibition of cyclooxygenase-2 ("COX-2"). Defendant also admits that Bextra® was approved as labeled by the FDA on November 16, 2001. Except as admitted herein, Defendant denies the remaining allegations contained in this Paragraph.

12. Defendant denies the allegations contained in this Paragraph. Defendant states that the referenced Wall Street Journal article speaks for itself and any attempt to characterize it is denied. Defendant also states that the referenced New England Journal of Medicine article speaks for itself and any attempt to characterize it is denied.

13. Defendant denies materially breaching it obligations to consumers, such as the Plaintiff. Defendant denies the remaining allegations contained in this Paragraph.

14. Defendant states that Bextra® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the allegations contained in this Paragraph.

15. Defendant denies the allegations contained in this Paragraph.

16. Defendant denies the allegations contained in this Paragraph.

## ANSWERING:
## V.
## STRICT PRODUCTS LIABILITY

17. Defendant incorporates its responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

18. Defendant denies that the Bextra® was defective and unreasonably dangerous. Defendant states that Bextra® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations contained in this Paragraph.

19. Defendant denies the allegations contained in this Paragraph.

20. Defendant denies the allegations contained in this Paragraph.

21. Defendant denies the allegations contained in this Paragraph.

22. Defendant denies the allegations contained in this Paragraph.

23. Defendant denies the allegations contained in this Paragraph.

24. Defendant denies the allegations contained in this Paragraph and denies that Plaintiff suffered injuries and monetary damages.

**ANSWERING:**
**VI.**
**FRAUD**

25. Defendant incorporates its responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

26. Defendant states that Bextra® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations concerning Plaintiff, and therefore, denies the same. Defendant denies that it made fraudulent representations. Defendant denies that Plaintiff suffered injuries and monetary damages. Defendant denies the remaining allegations contained in this Paragraph.

**ANSWERING:**
**VII.**
**NEGLIGENCE**

27. Defendant incorporates its responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

28. Plaintiff's allegations concerning "sellers and merchants" are legal in nature and therefore, no response is required. To the extent a response is required,

6

Defendant denies the allegations. Defendant admits that it had duties as are imposed by law but denies that it breached any such duties. Defendant denies the remaining allegations contained in this Paragraph.

29. Defendant denies the allegations contained in this Paragraph.

30. Defendant admits that it had duties as are imposed by law. Defendant denies that it breached any such duties. Defendant denies that Plaintiff sustained any injuries. Except as admitted herein, Defendant denies the remaining allegations contained in this Paragraph.

## ANSWERING:
## VIII.
## NEGLIGENT MISREPRESENTATIONS

31. Defendant incorporates its responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

32. Defendant states that Bextra® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the allegations contained in this Paragraph.

33. Defendant denies making any misrepresentations. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations concerning Plaintiff and Plaintiff's healthcare provider and therefore, denies the same. Defendant denies the allegations contained in this Paragraph, including all of its subpart. Defendant denies that Plaintiff sustained any injuries or monetary losses.

**ANSWERING:**
**IX.**
**EXPRESSED WARRANTY FOR GOODS**

34.     Defendant incorporates its responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

35.     Plaintiff's allegations concerning "sellers and merchants" are legal in nature and therefore, no response is required. To the extent a response is required, Defendant denies the allegations. Defendant admits that it had duties as are imposed by law. Defendant denies that it breached any such duties. Except as admitted herein, Defendant denies the remaining allegations contained in this Paragraph. Defendant also denies that Plaintiff sustained any injuries or monetary loss.

**ANSWERING:**
**X.**
**IMPLIED WARRANTY**

**A.    WARRANTY OF MERCHANTABILITY**

36.     Defendant incorporates its responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

37.     Plaintiff's allegations concerning "sellers and merchants" are legal in nature and therefore, no response is required. To the extent a response is required, Defendant denies the allegations. Defendant states that Bextra® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations contained in this Paragraph. Defendant also denies that Plaintiff sustained any injuries or monetary loss.

**B.     WARRANTY OF FITNESS**

38.     Defendant incorporates its responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

39.     Defendant states that Bextra® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations concerning Plaintiff and Plaintiff's healthcare provider and therefore, denies the same. Defendant denies the remaining allegations contained in this Paragraph. Defendant also denies that Plaintiff sustained any injuries or monetary loss.

**ANSWERING:**
**XI.**
**DAMAGES**

40.     Defendant denies that Plaintiff sustained serious injuries and damages as a proximate result of Defendant's conduct. Defendant denies the remaining allegations contained in this Paragraph.

**ANSWERING:**
**XII.**
**PUNITIVE DAMAGES**

41.     Defendant denies that its actions were a result of fraud, ill will, recklessness, and/or willful and intentional disregard for the safety and right of Plaintiff, as well as the general public and/or consumer of the Bextra® drug. Defendant denies the remaining allegations contained in this Paragraph. Defendant also denies that Plaintiff is entitled to punitive damages.

**ANSWERING:**
**XIII.**
**JURY DEMAND**

42. Defendant demands a trial by jury on all issues so triable.

**ANSWERING:**
**XIV.**
**PRAYER**

Defendant denies that Plaintiff is entitled to any of the relief demanded in the unnumbered WHEREFORE clause, including its subparts.

**AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations and/or repose or by the equitable doctrines of laches, waiver and estoppel.

3. Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

4.      Defendant made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff herein. Additionally, as a manufacturer and not a seller, Defendant is not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between Plaintiff and Defendant. If any such warranties were made, whether express or implied, which Defendant specifically denies, then Plaintiff failed to give timely notice of any breach thereof as required under Colo. Rev. Stat. Ann. § 4-2-607(3)(a).

5.      Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff or those acting at the direction or control of Plaintiff, whose contributory negligence or fault is sufficient to bar any recovery by Plaintiff.

6.      Plaintiff's injuries, if any, were due to an unforeseeable idiosyncratic reaction of Plaintiff, or by an unforeseeable disease or illness, unavoidable accident, or pre-existing and/or unrelated conditions, or natural courses of conditions of Plaintiff, and were independent of any conduct by Defendant.

7.      Plaintiff failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

8.      Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

9.      Bextra® is safe when used as directed, was suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Defendant reasonably assumed that its warnings would be read and heeded; therefore,

Bextra® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

10. As a prescription pharmaceutical, Bextra® falls within the ambit of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration. Accordingly, Plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution.

11. Bextra® and Defendant's actions conformed to the state-of-the-art of medical and scientific knowledge at all times relevant to this lawsuit and Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

12. Plaintiff's claims are barred by assumption of the risk.

13. Plaintiff's claims are barred in whole or in part because Bextra® "provides net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, comment f.

14. Plaintiff's claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

15. The imposition of punitive damages pursuant to current Colorado law violates the Due Process and Equal Protection provisions of U.S. Const. Amend. XIV; to wit, this Defendant has not been given fair notice of the standard of conduct which could subject it to a claim for punitive damages, and has not been given fair notice of the amount of punitive damages that may accompany a finding of liability. Colorado's current laws regarding punitive damages do not serve a rational or legitimate state interest.

16. Plaintiff's claims for punitive damages violate this Defendant's rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment of the Constitution of the United States of America and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Colorado.

17. Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including, but not limited to: *BMW of North America v. Gore,* 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003). Further, Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages, which arise under the Constitution of Colorado, Colorado state statutes, and the decisions of Colorado state courts.

18. The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

19. Plaintiff's claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale. Col. Rev. Stat. Ann. §13-21-403(1)(b).

20. If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other

supervening or intervening conduct of persons other than Defendant, and for whose conduct Defendant is not responsible, or with whom Defendant has no legal relation or legal duty to control.

21. If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Bextra® by persons other than Defendant or persons acting on its behalf.

22. Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

23. To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

24. Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

25. Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Bextra® complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

26. Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

27. Plaintiff's claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

28. Plaintiff's claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

29. Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

30. Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

31. The liability of Defendant, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

32. Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other Defendants or other person or entity.

33. Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated hereunder, and the United States Constitution, Article IV, clause 2.

34. Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

35. Plaintiff's claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

36. Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated hereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

37. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

38. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

39. Plaintiff's claims are barred or limited in accordance with Colo. Rev. Stat. §§ 13-21-401 through 13-21-406 and Colo. Rev. Stat. §§ 13-21-102, 102.5, 111.5, 111.6, and 111.7.

WHEREFORE, Defendant respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted this 26th day of April, 2007.

/s/K. Michele Anderson
K. Michele Anderson
Socha, Perczak, Setter & Anderson, P.C.
1775 Sherman Street, Suite 950
Denver, CO 80203
(303) 832-8265
(303) 832-7438 Fax
kmanderson@spsalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Vance R. Andrus, Esq.
Andrus Boudreaux, PLC
1775 Sherman St., Suite 3100
Denver, CO 80203
(303) 376-6360
(303) 376-6361 Fax
vandrus@yahoo.com

/s/Joanne M. Witek
Joanne M. Witek